KATHLEEN E. MURPHY *v.* WILLIAM B. McCAFFERY
(5841)

BORDEN, SPALLONE and NORCOTT, Js.

Argued April 5—decision released May 24, 1988

*Chester Fairlie,* for the appellant (defendant).

*Marshall S. Feingold,* with whom was *M. Katheryn Oakland,* for the appellee (plaintiff).

PER CURIAM. The defendant in this marital dissolution case challenges the trial court's allocation of the assets of the parties. The trial court issued a detailed and thoughtful memorandum of decision, indicating that it gave full consideration to all the statutory criteria.

The defendant's principal claim is that the court failed to find, from undisputed evidence, that the plaintiff would receive approximately $43,000 as an inheritance from her deceased mother's estate within one year, and an additional $42,700 within five years from the contemplated sale of a house in the estate. The defendant misreads the court's memorandum of decision. The court specifically found that the "[p]laintiff will receive some financial support by way of an inheritance from her mother's estate within the year." This reference clearly included, not only the $43,000 in cash which the plaintiff expected from the estate, but her one-quarter share of the house. The evidence indicated that the estate would be distributed within 1987. The trial court was entitled to infer, as it did, that the distribution

would then also include the plaintiff's one quarter interest in the house. The exclusion of this inheritance from the specific list of assets found by the court was not erroneous. That finding was explicitly limited to "the following assets *which must be assigned* . . . ." (Emphasis added.) Thus, the court clearly contemplated leaving the plaintiff's inheritance with her.

We have fully reviewed the defendant's other claims of error, and find them to be without merit.

There is no error.